UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
HARTFORD-JACKSON, LLC,

                              Plaintiff,

-against-

HOUND'S TREE WINES, LLC,

                              Defendant.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
20-cv-05322 (JMA) (ARL)

**FILED**
**CLERK**

11:22 am, Aug 22, 2022

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Plaintiff Hartford-Jackson, LLC brings this action against Defendant Hound's Tree Wines, LLC alleging trademark infringement under the Lanham Act, 15 U.S.C. § 1114; unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); unfair competition and anti-dilution under New York General Business Law ("GBL") §§ 349, 360-1; and common law infringement and unfair competition. (See Complaint, ECF No. 1 ("Compl.").) Before the Court is Plaintiff's motion for a default judgment seeking injunctive relief, treble damages, attorney's fees, and costs. (See ECF No. 15.) For the following reasons, Plaintiff's motion is GRANTED in part and DENIED in part.

**I.     DISCUSSION**

**A.  Defendant Defaulted**

The record reflects that Defendant was properly served in this action but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action. Accordingly, the Court finds Defendant has defaulted.

**B.  Liability**

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See Finkel v.

Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).[1] However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id.

Under the Lanham Act, a plaintiff alleging trademark infringement "must demonstrate that (1) it has a valid mark that is entitled to protection and that (2) the defendant's actions are likely to cause confusion with [that] mark." Tiffany & Co. v. Costco Wholesale Corp., 971 F.3d 74, 84 (2d Cir. 2020). Here, Plaintiff has demonstrated the existence of a valid, protectable trademark. Plaintiff's HIGHWIRE VINEYARD mark is registered (U.S. Trademark Registration No. 2,435,694) and has been used in commerce by Plaintiff in association with wine, (see Compl. ¶¶ 7–13), thus satisfying the first prong of the inquiry. See Tiffany, 971 F.3d at 84 (explaining that the Lanham Act "treats trademark registration as conclusive evidence of the validity of the registered mark," and concluding that "the first prong of the infringement inquiry [was] presumptively satisfied" based on the plaintiff's registration of the mark). In addition, Plaintiff has established that Defendant used the HIGHWIRE mark in commerce and without Plaintiff's consent. (See Compl. ¶¶ 15–26.)

Next, to evaluate claims of consumer confusion, the Court looks to the eight Polaroid factors: "[T]he strength of [the plaintiff's] mark, the degree of similarity between the two marks, the proximity of the products, the likelihood that the [plaintiff] will bridge the gap, actual confusion, and the reciprocal of defendant's good faith in adopting its own mark, the quality of defendant's product, and the sophistication of the buyers." RiseandShine Corp. v. PepsiCo, Inc., No. 21-2786, 2022 WL 2898794, at *2 (2d Cir. July 22, 2022) (quoting Polaroid Corp. v. Polarad Electronics Corp., 287 F.2d 492, 495 (2d Cir. 1961)). Here, the allegations in the Complaint are sufficient to establish a likelihood of confusion between Plaintiff's HIGHWIRE VINEYARD mark

---

[1] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

and Defendant's HIGHWIRE mark. See, e.g., Am. Soc'y for Prevention of Cruelty to Animals v. J.C. Clothing Drive, Inc., No. 19-CV-4401, 2020 WL 93884, at *2 (E.D.N.Y. Jan. 7, 2020) (granting motion for default judgment where allegations in complaint were sufficient to establish likelihood of confusion).[2]

**C. Injunctive Relief**

Plaintiff asks the Court to "permanently enjoin the infringing actions of Hound's Tree with the aim of preventing further irreparable harm to Hartford-Jackson." (Memorandum in Support of Motion for Default Judgment and Permanent Injunction at 5, ECF No. 15-1 ("Pl.'s Mem.").)

The Court "may issue an injunction on a motion for default judgment provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction." Sola Franchise Corp. v. Solo Salon Studios Inc., No. 14-CV-0946, 2015 WL 1299259, at *16 (E.D.N.Y. Mar. 23, 2015). Because Plaintiff has succeeded on the merits of its Lanham Act trademark infringement claim, the Court may enter a permanent injunction to prevent further trademark infringement if Plaintiff demonstrates: "(1) that it suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that the balance of hardships between the parties

---

[2] Plaintiff also brings a Lanham Act claim for unfair competition, also known as "false designation of origin." "[I]t is well settled that the standards for false designation of origin claims under Section 43(a) of the Lanham Act (15 U.S.C. § 1125) are the same as for trademark infringement claims under Section 32 (15 U.S.C. § 1114)." Twentieth Century Fox Film Corp. v. Marvel Enters., Inc., 220 F. Supp. 2d 289, 297 (S.D.N.Y. 2002). Because the Court finds that Plaintiff has established Defendant's liability for trademark infringement, it also finds that Plaintiff has established Defendant's liability for unfair competition. See Roberto Coin, Inc. v. Goldstein, No. 18-CV-4045, 2021 WL 4502470, at *15 n.13 (E.D.N.Y. Sept. 30, 2021) ("Because the Court has granted summary judgment in favor of [plaintiff] for trademark infringement under the Lanham Act, it also grants summary judgment in [plaintiff]'s favor on its unfair competition claim under the Lanham Act."). The same is true of Plaintiff's common law trademark infringement and unfair competition claims. See Pirone v. MacMillan, Inc., 894 F.2d 579, 581–82 (2d Cir. 1990). Additionally, the Court finds that Plaintiff has established Defendant's liability for dilution under GBL § 360-l. See Cap. One Fin. Corp. v. Cap. One Certified Inc., No. 18-CV-580, 2019 WL 1299266, at *6 (E.D.N.Y. Mar. 5) (holding that plaintiff established liability under § 360-l where "defendant's mark uses the same two words as plaintiff's . . . and the parties engage in the same type of business"), R&R adopted, 2019 WL 1299661 (E.D.N.Y. Mar. 21, 2019). However, the Court finds that Plaintiff has not established Defendant's liability as to its GBL § 349 claim. See Roberto Coin, 2021 WL 4502470, at *17–18 (holding that defendant liable for trademark infringement was not liable under § 349 and explaining that "courts routinely reject such attempts to fashion Section 349 and 350 claims from garden variety disputes between competitors").

warrants a remedy in equity for the plaintiff; and (4) that the public interest would not be disserved." Spin Master Ltd. v. 158, 463 F. Supp. 3d 348, 376 (S.D.N.Y. 2020) (quoting eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006)); see also 15 U.S.C. § 1116. All of the factors weigh in favor of granting an injunction here.

As to the first factor, where a party's trademark has been infringed, as here, "[t]he loss of reputation and goodwill constitutes irreparable harm." Really Good Stuff, LLC v. BAP Inv'rs, L.C., 813 F. App'x 39, 44 (2d Cir. 2020); see also 15 U.S.C. § 1116(a). Moreover, as Plaintiff acknowledges, Defendant's failure to appear in this action has "frustrated [Plaintiff]'s attempts to obtain the information necessary for it to quantify the damages to which it is entitled." (Pl.'s Mem. at 12.) "Given the difficulties in quantifying the loss of Plaintiff's goodwill and reputation, Plaintiff suffered irreparable harm." Mattel, Inc. v. www.fisher-price.online, No. 21-CV-9608, 2022 WL 2801022, at *11 (S.D.N.Y. July 18, 2022).

As to the second factor, "[a] defendant's refusal to appear in [an] action demonstrates the inadequacy of plaintiff's remedies at law." Stark Carpet Corp. v. Stark Carpet & Flooring Installations, Corp., 954 F. Supp. 2d 145, 158 (E.D.N.Y. 2013). Here, Defendant's conduct—including its failure to appear in this action—suggests that the infringement will continue absent an injunction and that monetary damages alone will not suffice as a remedy.

As to the third factor, when courts balance the hardships between the parties, "an infringer . . . cannot complain about the loss of ability to offer its infringing product." WPIX, Inc. v. ivi, Inc., 691 F.3d 275, 287 (2d Cir. 2012). Because Plaintiff faces the threat of continued infringement of its trademark, and Defendant—by virtue of its default—has not identified any countervailing hardships for the Court to consider, the balance of hardships warrants an injunction in Plaintiff's favor.

Finally, an injunction serves the public interest by "protect[ing] consumers from being deceived or defrauded in their purchase of infringing products." Off-White LLC v. anogar-32, No. 20-CV-7892, 2022 WL 846755, at *6 (S.D.N.Y. Mar. 22, 2022). Accordingly, the Court will permanently enjoin Defendant from infringing Plaintiff's HIGHWIRE VINEYARD trademark.

However, the Court finds that Plaintiff's requested injunction is overly broad. (See Proposed Default Judgment and Permanent Injunction, ECF No. 15-10 ("Proposed Order").) The Court modifies the injunction as follows:

First, the proposed injunction purports to bind "Hound's Tree, its principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control[.]" (Proposed Order ¶ 6.) However, Rule 65 of the Federal Rules of Civil Procedure, which governs the Court's power to permanently enjoin parties and non-parties to a dispute, authorizes the Court to enjoin "only" the following who receive actual notice of the injunction: "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Fed. R. Civ. P. 65(d)(2). Therefore, the Court will replace Plaintiff's proposed language with the language of Rule 65(d)(2), so that the injunction binds the following persons: "(A) Hound's Tree; (B) Hound's Tree's officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in (A) or (B)." See Spin Master, 463 F. Supp. 3d at 377 (modifying proposed injunction in trademark infringement default judgment to comply with scope of Rule 65(d)(2)).

Second, Plaintiff's proposed injunction would require Defendant "to recall infringing HIGHWIRE wine." (Proposed Order ¶ 7.) Recall in a trademark infringement action is an "extreme remedy." Conopco Inc. v. 3DO Co., No. 99-CV-10893, 1999 WL 1277957, at *3

(S.D.N.Y. Dec. 7, 1999). As such, ordering a product recall "requir[es] greater justification than an injunction alone." Audemars Piguet Holding S.A. v. Swiss Watch Int'l, Inc., No. 12-CV-5423, 2015 WL 150756, at *4 (S.D.N.Y. Jan. 12, 2015). "In deciding whether to order a recall, a court should consider the defendant's good faith or bad faith, the likelihood of diversion of customers from plaintiff to defendant, the extent of the burden entailed in a recall including the breadth of distribution and the shipping costs, and the probability that the plaintiff would benefit from such an order." Tecnimed SRL v. Kidz-Med, Inc., 763 F. Supp. 2d 395, 414 (S.D.N.Y. 2011), aff'd, 462 F. App'x 31 (2d Cir. 2012). Because Plaintiff has not addressed why recall is warranted based on these factors, the Court will not order Defendant to recall infringing HIGHWIRE wine.

Finally, the Court declines to order Defendant to (1) "surrender any Certificates of Label Approval for HIGHWIRE wine issued by the Alcohol and Tobacco Tax and Trade Bureau"; or (2) "file with this Court, and serve on Hartford-Jackson, a statement under oath evidencing compliance with the permanent injunctive relief ordered by this Court within thirty (30) days after service of this order." (Proposed Order ¶¶ 8–9.) See Patsy's Italian Rest., Inc. v. Banas, 658 F.3d 254, 273 (2d Cir. 2011) ("A district court has a wide range of discretion in framing an injunction in terms it deems reasonable to prevent wrongful conduct."); see also Radisson Hotels Int'l, Inc. v. Radisson Cars & Limo, Inc., No. 14-CV-5927, 2017 WL 1067799, at *4 (E.D.N.Y. Mar. 1) (declining to require defaulting defendants to certify compliance where, "[a]s a practical matter, given that the defendants have been entirely unresponsive throughout these proceedings, inclusion of this provision appears futile"), R&R adopted, 2017 WL 1067766 (E.D.N.Y. Mar. 21, 2017). The injunction, as modified, is set forth in its entirety below.

**D. Damages**

Plaintiff also requests an award of $233,640. (See Pl.'s Mem. at 11.) Because Plaintiff has established that Defendant infringed the HIGHWIRE VINEYARD mark, Plaintiff is entitled under

6

the Lanham Act "to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a).

Plaintiff arrives at $233,640 by estimating Defendant's sales of infringing HIGHWIRE wine—about $77,880—and then trebling Defendant's sales pursuant to § 1117(a). (Pl.'s Mem. at 12–14.). Although Plaintiff's method of calculating Defendant's sales is somewhat speculative, the Court finds the total amount "is reasonable and appropriate given that the inability to reach an exact figure is based on Defendant's willful default." Aime Leon Dore, Inc. v. TASTR. GmbH, No. 20-CV-934, 2021 WL 6797294, at *13 (E.D.N.Y. Jan. 8, 2021).

However, the Court declines to treble the award. The Lanham Act provides that, "[i]n assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount." 15 U.S.C. § 1117(a) (emphasis added). As the Second Circuit has explained, "the question of what sum the district court finds to be 'just, according to the circumstances of the case,' is a case-specific inquiry." Merck Eprova AG v. Gnosis S.p.A., 760 F.3d 247, 263 (2d Cir. 2014). Here, Plaintiff has presented no evidence that an award of $77,880 is inadequate. See, e.g., U.S.A. Famous Original Ray's Licensing Corp. v. Tisi's Pizza & Pasta Inc., No. 09-CV-5517, 2009 WL 4351962, at *5 (S.D.N.Y. Dec. 1) (declining to treble award of defendant's profits where plaintiff failed to demonstrate that award was otherwise inadequate), R&R adopted, 2009 WL 5178023 (S.D.N.Y. Dec. 31, 2009); see also Project Strategies Corp. v. Nat'l Commc'ns Corp., 948 F. Supp. 218, 223 (E.D.N.Y. 1996) (same), aff'd, 168 F.3d 1320 (Fed. Cir. 1998). Plaintiff appears to suggest that trebling is warranted as a deterrent because Defendant "has defaulted and continues to intentionally infringe" Plaintiff's mark. (Pl.'s Mem. at 14.) However, the permanent injunction—coupled with the monetary relief set forth in this Order—is sufficient to deter future infringement. Accordingly, Plaintiff is awarded $77,880, representing Defendant's estimated profits.

**E. Attorney's Fees**

Plaintiff also seeks $36,096.75 in attorney's fees. Under the Lanham Act, courts may award "reasonable attorney fees to the prevailing party" in "exceptional cases." 15 U.S.C. § 1117(a). The Second Circuit has explained that an "exceptional case" is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Sleepy's LLC v. Select Comfort Wholesale Corp., 909 F.3d 519, 530 (2d Cir. 2018) (citing Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014)). Thus, "[a]lthough highly relevant, fraud, bad faith, or willful infringement are no longer required for a fee award under the Lanham Act." Hello I Am Elliot, Inc. v. Sine, No. 19-CV-6905, 2021 WL 1191971, at *3 (S.D.N.Y. Mar. 30, 2021) (citing 4 Pillar Dynasty LLC. v. N.Y. & Co., 933 F.3d 202, 215–16 (2d Cir. 2019)). "District courts have wide latitude to determine whether a case is exceptional; the inquiry is a case-by-case exercise that considers the totality of the circumstances." Sine, 2021 WL 1191971, at *3. Courts may consider "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Antetokounmpo v. Costantino, No. 21-CV-2198, 2021 WL 5916512, at *7 (S.D.N.Y. Dec. 15, 2021) (citing Octane Fitness, 572 U.S. at 554 n.6), R&R adopted, 2022 WL 36232 (S.D.N.Y. Jan. 4, 2022).

Plaintiff urges that this case is "exceptional" due to Defendant's "[w]illful infringement," as evidenced by Defendant's default and "continue[d]" infringement "despite being warned of its infringement and asked to cease and desist." (Pl.'s Mem. at 15.) Although a "[d]efendant's default—standing alone—is not 'exceptional,'" Am. Infertility of New York, P.C. v. Deep Blue Health New Zealand Ltd., No. 17-CIV-5666, 2020 WL 4218261, at *5 (S.D.N.Y. July 23, 2020), the Court finds that a fee award is appropriate in this case.

8

First, Defendant failed to respond to Plaintiff's demand letters and other communications sent over a number of years, even after Plaintiff's counsel alerted Defendant's managing member to the demand letters. (See Compl. ¶¶ 16–24.) Together with Defendant's failure to appear in this action—while continuing to sell infringing HIGHWIRE wine—Defendant's conduct has been unreasonable. See Antetokounmpo, 2021 WL 5916512, at *7 (defendant's failure to respond to cease-and-desist letters and appear in action, while selling infringing products, constituted "unreasonable conduct"); see also Am. Soc'y for Prevention of Cruelty to Animals v. J.C. Clothing Drive, Inc., No. 19-CV-4401, 2020 WL 93884, at *3 (E.D.N.Y. Jan. 7, 2020) (finding default judgment case "exceptional" and awarding attorney's fees based "not only [defendant's] decision to ignore this lawsuit and the motion for a default judgment," but "also [defendant's] determination to not respond to the multiple attempts that [plaintiff] made prior to commencing litigation to get it to cease and desist, leaving an absence of any plausible reason for using [plaintiff]'s marks.")

Second, other courts have awarded fees in connection with default judgments because they have determined that similarly unreasonable conduct by defendants "needs to be deterred in order to further the purposes of the Lanham Act." Glob. Commodities, Inc. v. Dayax, LLC, No. 18-CV-5225, 2022 WL 431426, at *3 (E.D.N.Y. Jan. 13), R&R adopted, 2022 WL 426182 (E.D.N.Y. Feb. 11, 2022). The same reasoning applies here.

As to the amount of attorney's fees, the Court finds both the requested hourly rates and the total hours expended to be reasonable. (See Decl. of Ronald Israel ("Israel Decl."), Exs. E–F, ECF Nos. 15-2, 15-7, 15-8.) In similar cases, courts in this district have awarded higher requested rates to attorneys with similar levels of experience as Plaintiff's attorneys. See Am. Soc'y for Prevention of Cruelty to Animals, 2020 WL 93884, at *4 (approving partner hourly rates of $550–$785 and associate hourly rates of $420–$595 in connection with trademark infringement default judgment). Accordingly, Plaintiff is awarded $36,096.75 in attorney's fees.

9

**F. Costs**

Finally, Plaintiff seeks $740.00 in costs, which represents the amount Plaintiff expended on filing fees and service of process. (Pl.'s Mem. at 16; Israel Decl., Ex. G, ECF No. 15-9.) "Courts generally award costs to prevailing parties in cases involving violations of the Lanham Act." Gen. Nutrition Inv. Co. v. Gen. Vitamin Centers, Inc., 817 F. Supp. 2d 66, 76 (E.D.N.Y. 2011); see 15 U.S.C. § 1117(a) (prevailing plaintiff is "entitled" to "the costs of the action"). Filing fees and service of process are "reasonable out-of-pocket expenses that are customarily compensable." Gen. Nutrition, 817 F. Supp. 2d at 76. Accordingly, Plaintiff is awarded $740.00 in costs.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is GRANTED in part and DENIED in part. The Clerk of Court is respectfully directed to enter judgment against Defendant and in favor of Plaintiff in the amount of $114,716.75, consisting of: (1) $77,880.00 in damages, (2) $36,096.75 in attorneys' fees, and (3) $740.00 in costs. Additionally, the Court enters the following permanent injunction:

> (A) Hound's Tree; (B) Hound's Tree's officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in (A) or (B) are permanently enjoined and restrained, from directly or indirectly:
>
> Using the mark HIGHWIRE, or any term or mark confusingly similar to the HIGHWIRE VINEYARD mark, in connection with the advertisement, promotion, distribution, offering for sale or selling of alcohol beverages, or products or services related to alcohol beverages; and
>
> Performing any acts or using any trademarks, names, words, images or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Hartford-Jackson and Hound's Tree are one in the same or are in some way connected or that Hartford-Jackson is a sponsor of Hound's Tree or that the goods of Hound's Tree originate with

>Hartford-Jackson or are likely to lead the trade or public to associate Hound's Tree with Hartford-Jackson.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: August 22, 2022
Central Islip, New York

_____/s/_____(JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
